NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
KENT CLARK,                 :
                            :       Civ. No. 17-5791 (RMB)
         Petitioner,        :
                            :
    v.                      :       **OPINION**
                            :
                            :
WARDEN, FCI FAIRTON,        :
                            :
         Respondent.        :
_____ :

**BUMB,** United States District Judge

On August 7, 2017, Petitioner, a prisoner confined in FCI Fairton, in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. (Mem. in Supp. of Pet., ECF No. 1 at 13.) Petitioner asserts that he has newly discovered evidence of actual innocence. (Id.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court construes the petition as a second or successive motion under § 2255, and transfers it to the Third Circuit Court of Appeals.

I. BACKGROUND

In 1990, Petitioner was convicted in the United States District Court, District of New Jersey, for his involvement, with a co-defendant, in the kidnapping and restraint of a mail carrier at gun point, entering the house of a local bank manager, raping the manager's daughter, handcuffing the manager's 85-year old mother and his daughter, and calling the manager at work and demanding a $200,000.00 ransom for their release. (Mem. in Supp. of Pet., ECF No. 1 at 11); U.S. v. Devose, *et al.*, 90-cr-00012-WHW (D.N.J.) On February 7, 1991, Petitioner was sentenced to a life-term in prison, plus five years. (Id.) His conviction was affirmed on appeal. (Id.); U.S. v. Clark, 945 F.2d 396 (3d Cir. 1991) (table).

In June 1998, Petitioner challenged his conviction pursuant to 28 U.S.C. § 2255, and the petition was denied. (Id.) The Third Circuit Court of Appeals denied a certificate of appealabillity. (Id. at 12.) On November 21, 2003, the district court construed three documents submitted by Petitioner

as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Id.) Therein, Petitioner raised ten grounds for relief from his conviction. (Id.) The court dismissed the action because Petitioner failed to get permission from the Third Circuit Court of Appeals to bring a second or successive petition. Clark v. United States, Civ. Action No. 98-03887(DRD) (D.N.J. Jan. 29, 2004; ECF No. 19.)

II. DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284, 2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

Here, Petitioner has already filed a § 2255 motion, but that does not make § 2255 an inadequate or ineffective remedy. Pursuant to 28 U.S.C. § 2255(h)(1):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

3

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.

Petitioner alleges he has newly discovered evidence establishing his actual innocence. Therefore, § 2255 does not deprive him of a remedy for his claim.

III. CONCLUSION

For these reasons, The Court construes the present petition as a motion under § 2255, and will transfer it[1] to the Third Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 2255(h)(1).

An appropriate order follows.

Dated: October 17, 2017

                             s/Renée Marie Bumb
                             **RENÉE MARIE BUMB**
                             **United States District Judge**

---

[1] 28 U.S.C. § 1631 provides, in relevant part,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . .